```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

PATRICIA G. SALONE,

                Plaintiff,           6:16-cv-06491-MAT
     -v-                             DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Patricia G. Salone ("Plaintiff"), represented by counsel, brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On October 2, 2012, Plaintiff protectively filed for DIB and SSI, alleging disability beginning March 1, 2010. Administrative Transcript ("T.") 66-76. The claims were initially denied on

December 17, 2012, and Plaintiff timely requested a hearing. T. 86-103. A hearing was conducted on July 22, 2014, in Rochester, New York by administrative law judge ("ALJ") Michael Devlin. T. 36-63. Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified. *Id*.

The ALJ issued an unfavorable decision on September 19, 2014. T. 13-23. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. T. 11. The Appeals Council denied Plaintiff's request for review on May 17, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-3. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2016. T. 18.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 1, 2010. T. 18.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: somatosensory disorder; fibromyalgia; and obesity. T. 19. The ALJ also considered Plaintiff's impairments of depression, a heart condition, and prior

2

gastric bypass surgery, and determined that none of them created any significant work-related functional limitations, and thus were each non-severe. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), with the following additional limitations: can occasionally lift and/or carry ten pounds and frequently lift and/or carry less than ten pounds; can stand and/or walk at least two hours in an eight-hour workday, and sit about six hours in an eight-hour workday; can occasionally push and/or pull ten pounds; can occasionally climb ramps and/or stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; and can frequently reach and handle, bilaterally. T. 20.

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a cashier and her past relevant work as a management trainee. T. 23. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted for the following reasons: (1) the ALJ's RFC finding is not based on

4

substantial evidence because the ALJ did not rely on a valid medical opinion in making his determination; and (2) the ALJ's credibility determination is not supported by substantial evidence. For the reasons discussed below, the Court agrees that the ALJ erred in making an RFC finding without a valid medical opinion, and further erred in failing to substantially support his credibility finding. The Court therefore finds that remand of this matter for further administrative proceedings is required.

## I. The ALJ's RFC Finding is Not Supported by Substantial Evidence and Further Development of the Record is Required

When assessing a claimant's RFC, "[a]n ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion." *Goldthrite v. Astrue*, 535 F.Supp.2d. 329, 339 (W.D.N.Y. 2008). "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (internal citation omitted). Accordingly, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," it is not permissible for the Commissioner to "make the connection h[er]self." *Id.* (internal citation omitted); *see also Jermyn v. Colvin*, No. 13-CV-5093 (MKB),

2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015). Where the record is "devoid of any opinions from treating or examining medical sources regarding [the] Plaintiff's functional or work capacity limitations, such as Plaintiff's lifting, carrying, sitting or standing limits. . .[,] the ALJ [is] obligated to develop the record and obtain RFC assessments from [the] Plaintiff's treating and/or examining physicians." *Jermyn*, 2015 WL 1298997 at * 19. An ALJ's failure to do so necessitates remand. *Id*.

The record in this case contains a single medical opinion, provided by consultative examiner Dr. Samuel Balderman on November 30, 2012. T. 269-72. Plaintiff reported to Dr. Balderman that she had constant pain in her ankles for two years and that medications have not been helpful. T. 269. She reported knee and ankle x-rays have been negative and the orthopedic surgeons and neurologists she had seen had been unable to determine the cause of her pain. *Id*. Dr. Balderman noted Plaintiff had been using a self prescribed cane for the past two years. *Id*.

Upon examination, Plaintiff appeared to be in no acute distress and exhibited a normal gait. T. 270. Plaintiff made no effort to walk on her heels or toes and was limited to a thirty percent of full squat. *Id*. Plaintiff's cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. T. 271. Plaintiff's lumbar spine showed flexion to seventy degrees, with full lateral and rotary movements.

*Id*. The straight leg raising test was negative on both sides and Plaintiff had a full range of motion in her upper and lower extremities. *Id*. Plaintiff had no trigger points or sensory deficits noted. Her strength was five out of five in her upper and lower extremities. *Id*. Dr. Balderman diagnosed Plaintiff with somatosensory disorder, with a stable prognosis. *Id*. He opined Plaintiff's limitations were somatosensory in nature only. Importantly, no function-by-function assessment was provided. *Id*.

In his decision, the ALJ gave Dr. Balderman's opinion "some weight." The ALJ noted that although no function-by-function assessment was provided, Dr. Balderman's findings, observations, and diagnosis were well supported by the objective medical evidence of record, as well as the observations and assessments of other examining and treating physicians, and Plaintiff's testimony regarding her daily functioning. T. 22.

The ALJ was within his discretion to afford limited weight to Dr. Balderman's opinion. However, with no function-by-function assessment available in the record, the ALJ was not free to assess Plaintiff's RFC based on bare medical findings and his own lay opinion. His failure to further develop the record warrants remand. *See Jermyn*, 2015 WL 1298997 at * 19 (where "none of these medical sources assessed Plaintiff's functional capacity or limitations," the ALJ's RFC determination was "wholly unsupported by any medical evidence," and further development of the record was necessary).

7

The ALJ's decision in this case provides little insight how he developed the RFC finding. The ALJ noted that Plaintiff testified she has difficulty with her balance, bending, reaching, walking more than one block, or standing in one spot for an extended period of time. T. 21. The ALJ went on to summarize medical records from orthopedic specialists, a neurologist, and a rheumatologist, but as noted above, none of these medical professionals included a function-by-function assessment or usable medical opinion in their notes. T. 21-22. Without any functional analysis or opinion on Plaintiff's limitations from a medical source, the ALJ was left to make a lay evaluation of Plaintiff's abilities. This was impermissible. *See Henley v. Berryhill*, No. 17-CV-445-FPG, 2018 WL 3866670, at *4 (W.D.N.Y. Aug. 15, 2018) ("The ALJ cannot 'play doctor,' . . . and rely on his lay opinion over . . . competent medical opinion[.]").

The Court further finds that, in the absence of a function-by-function assessment, Plaintiff's treatment notes alone cannot constitute substantial evidence in support of the ALJ's conclusion. Although the record contains treatment notes relating to Plaintiff's complaints of pain, it does not contain medical assessments how Plaintiff's pain might impact her functional capacity. While treatment records may be used to support a conclusion based on medical findings and acceptable medical opinions, it was error for the ALJ to substitute his own

interpretation of the medical record for the opinions of treating or examining medical professionals. *See Dennis v. Colvin*, 195 F.Supp.3d 469, 473 (W.D.N.Y. 2016) (remand required where the ALJ erroneously evaluated treatment notes and diagnostic testing to support the RFC finding, in the absence of a relevant medical opinion).

Where the record contains no useful medical opinions or a body of evidence sufficient enough to properly assess a plaintiff's RFC, remand is warranted. *See McCarthy v. Colvin*, 66 F.Supp.3d 315, 322 (W.D.N.Y. 2014) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.") (quoting *Zorilla v. Chater*, 915 F.Supp. 662, 666-67 (S.D.N.Y. 1996)). On remand, the ALJ shall obtain an opinion regarding Plaintiff's functional capacity from an appropriate medical source.

## II. Credibility Analysis

Plaintiff also argues that the ALJ's credibility analysis is unsupported by substantial evidence. In support of that argument, Plaintiff contends that the ALJ inexplicitly accepted some of Plaintiff's subjective complaints while rejecting others, without providing any meaningful explanation for the different treatment. For the reasons set forth below, the Court finds that the ALJ failed to appropriately explain his assessment of Plaintiff's credibility, and remand is warranted on this basis as well.

Under the Commissioner's regulations in place at the time the ALJ issued his decision, the ALJ must include "specific reasons for the finding on credibility, supported by the evidence in the case record..." Social Security Ruling ("SSR") 96-7P, 1996 WL 374186, at *4; *see also Poles v. Colvin*, No. 14-cv-06622(MAT), 2015 WL 6024400, at *5 (W.D.N.Y. Oct. 15, 2015) ("An ALJ who rejects subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.") (internal quotation marks omitted).

While an ALJ's credibility assessment is entitled to deference, it must be supported by substantial evidence. *See Hargrave v. Colvin*, No. 12-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) ("Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence."). The Commissioner's regulations set forth seven factors the ALJ is expected to consider in assessing credibility; however, the ALJ is not required to explicitly discuss each of the factors, so long as he or she sets forth the reasoning for the credibility finding, and that finding is adequately supported by the evidence. *See*

*Whitehurst v. Berryhill*, No. 1:16-cv-01005-MAT, 2018 WL 3868721, at *4 (W.D.N.Y. Aug. 14, 2018).

At her hearing, Plaintiff testified that she could only sit for about an hour before she had disabling leg and knee spasms, but could sit a bit longer if her legs were elevated. T. 50. She testified that at times her pain gets so bad that she falls, even when using a cane. T. 51. Plaintiff further testified that she is unable to stand in place long enough to wash all of her dishes and needs to sit down to rest four or five times before she is able to complete that task. *Id*. Plaintiff stated that she experiences spasms when she walks a block and is unable to bend down to touch the floor. T. 51-52. Plaintiff further testified she has trouble lifting more than five pounds and is unable to extend her left arm because of pain in her left shoulder. T. 53.

In his decision, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible for the reasons explained in this decision." T. 21. The ALJ later noted that the RFC assessment was "supported by conservative treatment history, essentially normal physical and diagnostic examination findings, the opinions of the treating and examining physicians, as well as the claimant's own testimony regarding her activities of daily living." T. 22. The Court finds this statement to be overly broad, uninformative, and

inconsistent with a actual medical record that does not include any opinion from a treating physician.

Although the ALJ found Plaintiff less than fully credible, he nonetheless relied upon portions of her testimony as a basis for his RFC finding, which specifically limited her to only occasionally lifting or carrying ten pounds, occasionally balancing, stooping, kneeling, crouching and crawling, and standing or walking for at least two hours during an eight-hour workday. T. 20. Indeed, the ALJ stated that his RFC assessment was based, in part, on Plaintiff's testimony regarding her daily functioning. T. 22. However, the ALJ failed to provide any meaningful explanation in his decision for his selective adoption of and reliance upon certain portions of Plaintiff's testimony. Notably, and as Plaintiff points out, the ALJ rejected without explanation Plaintiff's statement that she is unable to sit for more than an hour before experiencing leg and knee spasms, while crediting portions of the balance of her testimony. Had the ALJ given the same considerations to Plaintiff's testimony regarding sitting as he did to the balance of her testimony, he would have been required to find that Plaintiff was precluded from performing her past relevant work.

The ALJ's inconsistent and unexplained assessment of Plaintiff's testimony does not provide substantial evidence to support his determination of Plaintiff's credibility. Nor does the

12

ALJ's reliance upon the "assessments of other examining and treating physicians," as being supportive, when in fact there are no such opinions in this record. *See Marsh v. Berryhill*, No. 1:16-CV-00727(MAT), 2018 WL 5880928, at *5 (W.D.N.Y. Nov. 10, 2018) ("The ALJ failed to provide any meaningful reasons in his decision for finding Plaintiff less than fully credible. His general citation to the evidence as a whole, without identifying any specific records or facts that supported his conclusion, was insufficient."). The ALJ's failure to appropriately assess Plaintiff's credibility further necessitates remand. *See id*.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 12) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 17) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   December 5, 2018
         Rochester, New York