UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA G. SALONE,

                                                Plaintiff,                Case # 16-CV-6491-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.

**INTRODUCTION**

Patricia G. Salone brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On December 5, 2018, the Court granted Salone's motion for judgment on the pleadings and remanded this case for further administrative proceedings. ECF No. 23. Thereafter, the Court entered a Stipulation and Order awarding Salone's attorney, Elizabeth Haungs, $6,104.90 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 26. The EAJA fees were offset to pay a government debt through the Treasury Offset Program. ECF No. 27-2 ¶ 13.[1]

On February 17, 2020, the SSA issued a Notice of Award granting Salone $119,340 in past due disability benefits and withholding $29,835—25 percent—to pay her attorney. ECF No. 27-2 ¶¶ 11–12. On March 5, 2020, Salone moved for $29,835 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 27.

---

[1] Given this offset, the parties agree that Haungs is not obligated to repay the EAJA award to Salone. ECF No. 27-1 at 2; ECF No. 29 at 3; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (alterations omitted) (quotation omitted)).

For the reasons that follow, Salone's motion is GRANTED, Haungs is awarded $29,835 in fees.

## DISCUSSION

**I.     § 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 17-CV-6430, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 807).

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable: (1) "whether the requested fee is out of line with the character of the representation and the results the representation achieved;" (2) "whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase" her fee; and (3) "whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor." *Id.* (quotations omitted).

Here, counsel's request for $29,835 in fees equals 25% of Salone's $119,340 past due benefits award and therefore falls within the statutory boundary. ECF No. 27-2 ¶¶ 11–12. The Court thus reviews the three factors to assure that the requested fee is reasonable.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because Salone's motion for judgment on the pleadings led the Court to remand this case for further administrative proceedings. ECF No. 23.

As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award. *See* ECF No. 29 at 3 (the Commissioner notes that "counsel does not appear to have unreasonably delayed this matter").

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2. Here, Haungs spent 31.2 hours in connection with the appeal to this Court. ECF No. 27-2 ¶ 14. Dividing the $29,835 fee requested by 31.2 hours yields an effective hourly rate of $956.25. Although the Court has previously acknowledged that rates in the $900 range are "high," it has regularly determined that similar rates are reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *Sims v. Comm'r of Soc. Sec.*, No. 17-CV-798, 2020 WL 812923, at *2 (W.D.N.Y. Feb. 19, 2020) (awarding fees with an effective hourly rate of $980.87); *Abbruscato v. Colvin*, No. 16-CV-117, 2020 WL 812922, at *2 (W.D.N.Y. Feb. 19, 2020) (awarding fees with an effective hourly rate of $855.28); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with an effective hourly rate of $1.051.64); *see also Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (awarding fees with an effective hourly rate of $935.52

and noting that courts permit "higher-than-usual hourly rates for Social Security cases due to the uncertain nature of contingency cases and to encourage representation of Social Security litigants, who often lack the resources to independently retain counsel"); *Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

The Commissioner cites several cases in which courts have reduced effective hourly rates below the level requested in this case and argues that the effective hourly rate here appears to be a windfall. ECF No. 3–4. However, this Court has already distinguished a number of the cases cited by the Commissioner. *McDonald*, 2019 WL 1375084, at *3. "In those cases, the attorneys performed only a modest amount of work because they secured stipulations for remand instead of submitting briefs on the merits of the case, or because they expended an unreasonable number of hours that the courts declined to compensate." *Id.* Similarly, the Commissioner cites *Mitchell v. Astrue*, which involved an attorney who spent an unreasonable number of hours on the representation in question. No. 09-CV-83, 2019 WL 1895060, at *3–6 (E.D.N.Y. Apr. 29, 2019) (finding that counsel unreasonably declined to consent to remand offer). The Commissioner also cites several cases in which courts determined that lower effective hourly rates are reasonable but do not address whether higher effective hourly rates would amount to a windfall. *Insel v. Comm'r of Soc. Sec.*, No. 13-CV-903, 2017 WL 6558585, at *1 (N.D.N.Y. Dec. 22, 2017); *Boyd v. Barnhart*, No. 97-CV-7273, 2002 WL 32096590, at *3 (E.D.N.Y. Oct. 24, 2002). And the Commissioner cites at least two decisions that "were issued some years ago, and their awards, if adjusted for increases in the cost of living . . . would [approach] or exceed the amount requested here." *Torres*, 2014 WL 909765, at *4 (citations omitted).

4

The Commissioner does not dispute that the first two factors favor a finding of reasonableness, ECF No. 29 at 2–4, and fails to show that the award here would be a windfall. Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable.

## CONCLUSION

Salone's motion for attorney's fees under § 406(b), ECF No. 27, is GRANTED, and Haungs is awarded $29,835 in fees. The Court directs the Commissioner to release those funds withheld from Salone's benefits award.

IT IS SO ORDERED.

Dated: April 6, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court